UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UBS FINANCIAL SERVICES, INC. | ) | CASE NO. 1:05CV109 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| KEY BANK, N.A., et al. | ) | |
| Defendants. | ) | |

## STIPULATION AND PROTECTIVE ORDER

The parties have stipulated and agreed that it would be desirable to have a Protective Order in place to govern the use of certain confidential documents and information in order to facilitate discovery in this action.  This Protective Order is necessary in order to preserve the confidentiality of proprietary business information and private information contained in certain documents requested from the Plaintiff UBS Financial Services, Inc. ("UBS") and from Defendant KeyBank National Association ("KeyBank").  UBS agrees to make certain documents that are otherwise discoverable and that have been requested by KeyBank available for inspection pursuant to this Protective Order.  Likewise, KeyBank agrees to make certain documents that are otherwise discoverable and that have been requested by UBS available for inspection pursuant to this Protective Order.  Counsel for the parties, having agreed on the terms of this Stipulation and Protective Order, and good cause having been shown therefor, it appears to the Court that this Stipulation and Protective Order is proper and should be entered.  Accordingly, it is hereby:

ORDERED that certain information regarding the Kathryn W. Shepard Trust Account (as defined in the Complaint) and various policies and procedures governing such accounts that will be produced by UBS and/or copied by other parties in accordance with this Protective Order

CLE - 907454.1

shall be designated as being "CONFIDENTIAL" in accordance with this Stipulation and Protective Order. Further, various KeyBank policies and procedures that will be produced by KeyBank and/or copied by other parties in accordance with this Protective Order shall be designated as being "CONFIDENTIAL" in accordance with this Stipulation and Protective Order. Such "CONFIDENTIAL" information may not be disclosed for any purpose outside of this action and may be used in this action only in accordance with the following conditions, safeguards and limitations:

1. The documents and/or information produced pursuant to this Stipulation and Protective Order shall be used or disclosed only in connection with this action, including appeals and decisions relating thereto, in accordance with the provisions of this Protective Order, and shall not be used in any other litigation, business, or for any other purpose without further Order of this Court.

2. The documents and/or information produced pursuant to this Stipulation and Protective Order and all copies and summaries thereof shall not be disclosed to persons other than (a) the parties in this action and their managing officers and directors, (b) counsel of record for the parties in this action and their employees, (c) the Court and its personnel, including court reporters involved in this action, (d) witnesses at depositions and at trial or mediation, experts retained for the purpose of preparing for depositions, mediation or trial, and (e) mediators in the mediation process. Said materials may be disclosed to witnesses and experts as part of mediation or trial preparation, and prior to their actual testimony.

3. Prior to disclosing "CONFIDENTIAL" material to persons listed in Paragraph 2(a)-(e) above, counsel shall inform each person of the terms of this Stipulation and Protective Order as well as the obligation to comply with those terms. All such persons shall be bound by

CLE - 907454.1

the terms of the Stipulation and Protective Order, and shall not permit disclosure of the "CONFIDENTIAL" material other than pursuant to the terms of said Order.

4. The documents and/or information designated pursuant to this Stipulation and Protective Order as "CONFIDENTIAL" may be disclosed to the Court in connection with any filing or proceeding in this action.  All "CONFIDENTIAL" portions of briefs or affidavits may be designated by clearly marking the notation "CONFIDENTIAL" or other similar legend on each pertinent page of the brief or affidavit.

5. The party which intends to use or disclose "CONFIDENTIAL" material in a Court proceeding in this action shall take all reasonable steps to ensure the continuing confidentiality of the materials.  In the event that any of the "CONFIDENTIAL" material, or the contents thereof, is used in any Court proceeding herein, it shall not lose its protected status through such use.

6. For good cause, any party may seek modification or termination of this Stipulation and Protective Order, by first attempting to obtain the consent of the other party to such modification, and then, absent consent, by application to this Court.

7. At the conclusion of this action by judgment, and the expiration of any and all appeals therefrom, or by settlement, counsel for the Defendants shall either return or destroy all originals and copies, summaries or other reproductions of "CONFIDENTIAL" materials, including all prints, summaries and other reproductions of such material.

8. This Stipulation and Protective Order shall survive the termination of this Action, whether by dismissal, final judgment, the expiration of any and all appeals therefrom, or settlement, and shall continue in full force and effect.  This Court retains jurisdiction to enforce this Order.

CLE - 907454.1

Case: 1:05-cv-00109-PAG  Doc #: 41  Filed: 09/20/05  4 of 5.  PageID #: 250

Entered this 19th day of September, 2005.

/s/ Patricia A. Gaughan
JUDGE PATRICIA A. GAUGHAN

APPROVED FOR ENTRY:


/s/ Arthur M. Kaufman
Arthur M. Kaufman (0017724)
HAHN LOESER & PARKS LLP
3300 BP Tower
200 Public Square
Cleveland, Ohio 44114

/s/ Harold L. Kofman
Harold L. Kofman, Esq.
RIKER DANZIG SCHERER HYLAND & PERRETTI, LLP
Headquarters Plaza,
One Speedwell Avenue
Morristown, NJ 07962-1981

Attorneys for Plaintiff
UBS Financial Services, Inc.

/s/ Kerin Lyn Kaminski (per telephone consent)
Kerin Lyn Kaminski
Karen L. Giffen
GIFFEN & KAMINSKI, LLC
Suite 2100, 1717 East Ninth Street
Cleveland, OH  44114

Attorneys for Defendant KeyBank, N.A

/s/ James P. Sammon (per telephone consent)
James P. Sammon
REMINGER & REMINGER CO., L.P.A.
237 W. Washington Row, Second Floor
Sandusky, OH  44870

Attorney for Defendants The Cleveland Trencher Company and Pauline R. Aydin

5

CLE - 907454.1